IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CANDRICE BOYD,

        Plaintiff,

v.

                                      Case No. 3:23-CV-3961-NJR

BJC MEMORIAL HOSPITAL
BELLEVILLE,

        Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are two motions filed by Plaintiff Candrice Boyd. On December 18, 2023, Boyd, who is proceeding *pro se*, filed a complaint against Defendant BJC Memorial Hospital Belleville alleging race discrimination, disability discrimination, retaliation, and wrongful termination in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1967, the Americans with Disabilities Act, and the Illinois Human Rights Act. (Doc. 1). Boyd amended her complaint on January 26, 2024. (Doc. 13). Boyd now seeks to proceed *in forma pauperis* ("IFP"), that is, without prepaying court fees or costs (Doc. 8), and she requests the appointment of counsel (Doc. 2).

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed IFP; an affidavit

demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Here, the Court is satisfied from Boyd's affidavit that she is indigent. (Doc. 8). Boyd is unemployed, she has only $200 in a checking or savings account, and her monthly living expenses exceed the monthly disability payments she receives. (*Id.*). She also has significant debt. (*Id.*). Based on this financial information, the Court finds that Boyd is indigent under 28 U.S.C. § 1915(a)(1).

Under Section 1915(e)(2), the Court must now screen Boyd's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in

the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Upon reviewing the Amended Complaint, the Court finds it is not clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. Boyd provides a detailed account of alleged racial discrimination and harassment and asserts that she endured a hostile work environment. She also claims she suffered a work-related injury and was retaliated against for filing a workers' compensation claim, ultimately ending in her termination. Because these allegations do not clearly fail to state a claim, Boyd will be permitted to proceed IFP.

Turning to Boyd's motion for recruitment of counsel, the Court notes that civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit has instructed courts to consider two factors when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654.

When considering the difficulty of the case, the Court must determine "the particular plaintiff's capacity as a layperson to coherently present" the case to the judge

and jury. *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. In conducting this inquiry, the court must determine "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Here, Boyd has made a reasonable attempt to obtain counsel, contacting at least 20 attorneys for assistance. (Doc. 2-1). At this point in the litigation, however, the Court does not find it necessary to appoint counsel. Boyd is educated, she appears to understand the nature of this litigation, and her Complaint and Amended Complaint were both skillfully drafted and easy to understand. Because the Court finds Boyd capable, at this early stage, of litigating the case, her request for counsel is denied. Should this case proceed to a point where the difficulty exceeds Boyd's capabilities, the Court is amenable to considering a renewed motion for recruitment of counsel.

For these reasons, the Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Candrice Boyd (Doc. 8) is **GRANTED**.

The Court **DIRECTS** the Clerk of Court to provide Boyd with a USM-285 form. Boyd is **ORDERED** to return the completed form to the Clerk of Court. Upon receipt of the completed USM-285 form, the Clerk is **DIRECTED** to prepare and issue a summons for Defendant BJC Memorial Hospital Belleville and deliver a service packets consisting of the summons, USM-285 form, and a copy of the Complaint, to the United States

Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents, to serve a copy of the summons and Amended Complaint upon Defendant in any manner consistent with Rule 4, as directed by the Plaintiff. Costs of service shall be borne by the United States.

The Motion for Recruitment of Counsel filed by Boyd (Doc. 2) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED:   March 14, 2024**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**