IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CANDRICE BOYD,** | |
| Plaintiff, | |
| v. | Case No. 3:23-CV-3961-NJR |
| **PROTESTANT MEMORIAL MEDICAL CENTER, d/b/a MEMORIAL HOSPITAL BELLEVILLE,** | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for docket management purposes and to address the voluminous filings by Plaintiff Candrice Boyd, including several motions for a protective order and for leave to file a Second Amended Complaint. For the reasons set forth below, Boyd's motions for a protective order are denied, and her motions for leave to file a Second Amended Complaint are granted in part and denied in part.

1. Discovery Filings

Boyd is proceeding pro se in this employment discrimination action under 28 U.S.C. § 1981. Over the past three months, she has filed more than 40 motions, declarations, exhibits, and other "notices," with approximately 32 of those documents filed in the last two weeks alone.

To begin, Boyd has filed numerous documents that the Court will refer to as "discovery," although it is not clear that they all constitute written discovery as it is

generally referred to in the Federal Rules of Civil Procedure. Several of the documents consist of sworn declarations, others contain exhibits, while still others are certificates of service or "notices" of various information related to her proposed Second Amended Complaint.

> Under Local Rule 26.1(b),
>
> Interrogatories under Fed. R. Civ. P. 33 and the objections and answers thereto, requests for production or inspection under Fed. R. Civ. P. 34 and the objections and responses thereto, Requests for Admissions under Fed. R. Civ. P. 36 and the objections and responses thereto, and deposition notices under Fed. R. Civ. P. 30 and 31 **shall be served upon other counsel or parties but shall not be filed with the Clerk of Court**. The party responsible for service of the discovery material shall retain the original and become the custodian thereof. **Certificates of service for these materials should not be filed on the docket**.

SDIL-LR 26.1(b) (emphasis added).

While "[p]ro se litigants should be granted appropriate latitude with courts and counsel," *DJM Logistics, Inc. v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 415 (7th Cir. 2022), "the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure," *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). A plaintiff's pro se status does not excuse her from following the Local Rules. *See Brown v. Wyndemere LLC*, 608 F. App'x 424, 425 (7th Cir. 2015) ("[A] district court is entitled to enforce its local rules, even against pro se litigants."); *see also Patel v. Brennan*, No. 20-CV-2238, 2021 WL 5937769, at *2 (N.D. Ill. Dec. 16, 2021) ("There are not two sets of rules: one for pro se litigants, and another for everyone else. Everyone plays by the same Rules.").

"Latitude with a pro se plaintiff can be limited, and patience can be exhausted, in the face of persistent violative conduct." *DJM Logistics,* 39 F.4th at 145. While the undersigned understands Boyd's desire to put her various declarations and other materials in the record, that is simply not how the litigation process works. Boyd's continued filings, often duplicative, have cluttered the docket and are confusing not only for the Court, but also the parties and the public. The Court will not consider these filings for any purpose, unless they are attached in support of a properly filed motion.

For these reasons, Boyd is **ORDERED** to refrain from filing discovery materials on the docket. She is encouraged to read the Local Rules for the Southern District of Illinois, which are available on the Court's website, www.ilsd.uscourts.gov. Going forward, any filing by Boyd that does not meet the requirements of the Local Rules will be stricken by the Clerk of Court.

2. Motions for Protective Order

Boyd has filed three Motions for a Protective Order related to the disclosure of her medical records. (Docs. 86, 99, 101). Rule 26(c) of the Federal Rules of Civil Procedure permits a party to move for a protective order, but it provides that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FED. R. CIV. P. 26(c). In response, Defendant Protestant Memorial Medical Center, Inc., d/b/a Memorial Hospital Belleville ("Memorial Hospital"), states that Boyd did not contact its attorneys prior to filing her motions. (Doc. 112).

Because Boyd has not complied with the Federal Rules of Civil Procedure, her Motions for Protective Order (Docs. 86, 99, 101) are **DENIED without prejudice**. Boyd and Memorial Hospital are **ORDERED** to meet and confer on the terms of a protective order and to jointly submit a motion and proposed order on or before **August 4, 2025**.

3. <u>Motions to Amend the Complaint</u>

Boyd has filed *seven* motions related to her ability to amend the complaint.[1] Boyd states that on May 14, 2025, she received a Right to Sue letter from the EEOC related to a newly filed Charge of Discrimination. Boyd's second Charge of Discrimination asserted violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("RA"), retaliation, and race discrimination under Title VII. She seeks leave to file a Second Amended Complaint that contains these newly exhausted claims, as follows:

**Count I:**     Race Discrimination (42 U.S.C. § 1981 and Title VII);

**Count II:**    Retaliation (42 U.S.C. § 1981 and Title VII);

**Count III:**   Failure to Accommodate (ADA & Rehabilitation Act of 1973);

**Count IV:**    Interference with Protected Leave (ADA, the Family and Medical Leave Act (FMLA) of 1993, and Rehabilitation Act);

**Count V:**     Privacy Violation and Unauthorized Access (Stored Communications Act (SCA), 18 U.S.C. § 2701 *et seq.*, and the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2511 *et seq.*);

**Count VI:**    Hostile Work Environment (Title VII and 42 U.S.C. § 1981);

---

[1] Only three of the motions actually seek leave to file a Second Amended Complaint (Docs. 78, 79, 80), while the other four ask the Court to reconsider its prior order denying Boyd's first Motion for Leave to Amend the Complaint (Doc. 68) and to "preserve her right" to amend the complaint (Docs. 69, 72, 73).

>    **Count VII:**   Wrongful Termination (Public Policy and Retaliation); and
>
>    **Count VIII:** Denial of Medically Necessary Care (ADA, Rehabilitation Act, and 42 U.S.C. § 1981).

Memorial Hospital opposes Boyd's motions for leave to file a Second Amended Complaint. (Doc. 83). Memorial Hospital notes that the Court previously dismissed Boyd's claims in the Amended Complaint under Title VII, the ADA, and the Illinois Human Rights Act ("IHRA") for race discrimination, harassment on the basis of race, retaliation on the basis of race, hostile work environment, and disability discrimination, because Boyd failed to exhaust those claims. Specifically, Boyd's original Charge of Discrimination only alleged that she was denied benefits, terminated, and retaliated against because she filed a workers' compensation claim. Memorial Hospital argues that Boyd cannot now attempt to raise claims under Title VII and the ADA again, because those claims do not relate back to her original Charge and First Amended Complaint.

Memorial Hospital provides three additional reasons for denying Boyd's motions. First, it argues the amendment would be futile because Boyd did not exhaust these claims in her original Charge and they are barred by the statute of limitations. Second, Boyd has had multiple chances to formulate her claims against Memorial Hospital since filing her first Complaint on December 18, 2023, but she failed to do so. And finally, Memorial Hospital asserts that it would be prejudiced by the amendment. Not only did Boyd disregard Local Rule 15.1(b)(2) in failing to show her changes in redline, but any amendment at this point will create a substantial delay in the litigation.

The Court agrees with Memorial Hospital in part. The ADA and Title VII, as well

as the IHRA, require that an aggrieved person file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. *Fairchild v. Forma Sci., Inc.*, 147 F.3d 567, 574 (7th Cir. 1998). "Failure to file within the allotted time renders the charge untimely and the claimant is precluded from bringing an action in court." *Id.*

"With respect to claims regarding discrete employment actions, 'each discrete discriminatory act starts a new clock for filing charges alleging that act.'" *Platt v. Chicago Transit Auth.*, No. 18 C 07219, 2019 WL 5393995, at *3 (N.D. Ill. Oct. 22, 2019) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007) (a discrete act of discrimination "is an unlawful employment practice that must be brought to the EEOC's attention within 300 days of its occurrence.").

In this case, Boyd was terminated on December 2, 2022. Thus, her second Charge of Discrimination, filed on May 19, 2025, is untimely. "Title VII makes it unlawful for an *employer* 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 354 (2024) (quoting 42 U.S.C. § 2000e–2(a)(1) (emphasis added)). Likewise, the IHRA refers to "employers." 775 ILCS 5/2-102. Once Boyd was terminated, Memorial Hospital was no longer her employer. Thus, to exhaust her Title VII, IHRA, and ADA claims, her Charge of

Discrimination needed to be filed with the EEOC and the IDHR by September 28, 2023.[2] *See Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619, 627 (N.D. Ill. 2020) ("Before a plaintiff files suit under the ADA, she must file an administrative charge with the EEOC."); 42 U.S.C. § 12117(a) (adopting Title VII enforcement procedures for ADA claims).

There are occasions, however, when an untimely charge relates back to the original charge of discrimination. EEOC regulations provide that "amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." 29 C.F.R. § 1601.12. "[A]n untimely amendment that alleges an entirely new theory of recovery does not relate back to a timely filed original charge." *Fairchild v. Forma Sci., Inc.*, 147 F.3d 567, 575 (7th Cir. 1998).

Here, Boyd's original Charge alleged that she was injured on the job in July 2021, that Memorial Hospital denied treatment and refused to refer her out for her injuries, and that it ultimately terminated her employment in December 2022 in retaliation for filing a workers' compensation claim. (Doc. 16). In her second Charge, Boyd asks that her EEOC Charge include (1) disability discrimination under the ADA and the Rehabilitation Act; (2) retaliation for protected activities, including requesting accommodations and reporting discrimination; (3) race discrimination under Title VII and 42 U.S.C. § 1981; and (4) ongoing and continuing retaliation, including the denial of medical care, workplace

---

[2] Boyd's original Charge of Discrimination was timely filed on August 1, 2023. (Doc. 16).

exclusion, and "coerced" medical decisions. (Doc. 79-2 at p. 6). She then provides a factual narrative to support those charges. (*Id.* at pp. 3-6).

These new theories of recovery under the ADA and Title VII do not relate back to Boyd's original Charge. True, there is overlap between Boyd's claim that she was retaliated against and ultimately terminated for seeking workers' compensation benefits and her claim that she was discriminated and retaliated against for requesting accommodations under the ADA. But these remain separate and distinct theories of recovery. *See Corrales v. Westin Hotel Mgmt. LP*, No. 17 C 6868, 2019 WL 1762907, at *8 (N.D. Ill. Apr. 22, 2019) ("Because pursuit of a workers' compensation claim is protected by the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, not the ADA, it does not qualify as a protected activity for purposes of an ADA retaliation claim."); *see also Beatty v. Olin Corp.*, 693 F.3d 750, 753 (7th Cir. 2012) (explaining that the "Illinois Workers' Compensation Act provides a comprehensive scheme to compensate employees injured on the job," giving rise to "a common-law cause of action for retaliatory discharge where an employee is terminated" for "exercis[ing] [her] workers' compensation rights").

Because Boyd's untimely filed second Charge of Discrimination does not relate back to her original Charge, she will not be allowed to amend her complaint to assert new Title VII and ADA claims. Boyd will, however, be permitted to add her claims for interference under the Family and Medical Leave Act ("FMLA"), hostile work environment under § 1981, privacy violations and unauthorized access to her electronic records under the SCA and ECPA, and wrongful termination / retaliatory discharge under Illinois common law.

For sake of clarity, Boyd's claims in her Second Amended Complaint are now as follows:

    **Count I:**    Discrimination and Retaliation on the Basis of Race under § 1981;

    **Count II**:    Harassment and Hostile Work Environment under § 1981;

    **Count III:**    Interference with Protected Leave under the FMLA;

    **Count IV:**    Privacy Violation and Unauthorized Access (Stored Communications Act (SCA), 18 U.S.C. § 2701 *et seq.*, and the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2511 *et seq.*); and

    **Count V:**    Wrongful Termination / Retaliatory Discharge.

Boyd **SHALL** file a Second Amended Complaint that contains only her factual allegations and the five counts on which she is permitted to proceed on or before **July 21, 2025**.

    **IT IS SO ORDERED.**

    DATED:   July 7, 2025

                                                                 _____
                                                                 **NANCY J. ROSENSTENGEL**
                                                                 **Chief U.S. District Judge**