IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CANDRICE CELESTE BOYD,** | |
| Plaintiff, | |
| v. | Case No. 3:23-CV-3961-NJR |
| **PROTESTANT MEMORIAL MEDICAL CENTER, INC. d/b/a MEMORIAL HOSPITAL BELLEVILLE,** | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion for Protective Order and Request for Scheduling Relief filed by Plaintiff Candrice Boyd. (Doc. 256). Boyd's deposition is currently scheduled for January 6, 2026, at the East St. Louis Courthouse. With her motion, Boyd accuses defense counsel in this case of coordinating with defense counsel in her separate workers' compensation action to schedule her deposition one day before an independent neuropsychological exam. She claims this constitutes oppression and places an undue burden on her. She also claims that she cannot meaningfully prepare for her deposition until Defendant, Protestant Memorial Medical Center, Inc. d/b/a Memorial Hospital Belleville, produces outstanding discovery.

Boyd's workers' compensation case is entirely independent from this matter. If Boyd feels she will not be rested and prepared for her neuropsychological exam following her deposition on January 6, she can seek a continuance of the exam in that matter. Boyd

has presented no evidence of a "coordinated legal effort" among defense counsel in this case and her workers' compensation case, other than the timing of emails she received. That is not enough to demonstrate "oppressive conduct warranting judicial protection." Her motion is denied.

Moreover, there is no discovery that Defendant is required to turn over prior to Boyd's deposition. Defendant already answered Plaintiff's First Set of Interrogatories and Consolidated Requests for Production (*see* Doc. 228-2), and the Court *stayed* Defendant's deadline to respond to Boyd's Second Set of Interrogatories and Requests for Production of Documents and her Renewed Motion to Compel (Docs. 238, 240). The Court's ruling means Defendant does **not** have to respond to these pleadings or produce any further discovery at this time. And Boyd's citation to non-binding case law purportedly pertaining to the continuing duty to supplement under Rule 26(a)(1) and Rule 26(e) is inapplicable when she propounded discovery under Rules 33 and 34.

The Court is also not persuaded by Boyd's argument that a stay of discovery "never authorizes withholding surveillance." First, the Court reminds Boyd, yet again, that this is an *employment discrimination* case. There is no claim regarding surveillance in this matter. Second, the cases she cites as "Seventh Circuit authority" (1) are *not* Seventh Circuit authority; and (2) do *not* say that "a stay never authorizes withholding surveillance." *See Bickler v. Senior Lifestyle Corp.*, 266 F.R.D. 379 (D. Ariz. 2010), cited by Plaintiff as *Bickler v. Senior Lifestyle Corp.*, 266 F.R.D. 379 (N.D. Ill. 2010). Indeed, Plaintiff's second case citation does not exist at all, instead referring the Court to a 2006 Idaho Senate

Page 2 of 4

Bill. *See* 2006 WL 769440.[1]

Boyd also states that the "stay does not allow Defendant to refuse to disclose materials being sent to Dr. Fucetola" because these are "expert-related disclosures under Rule 26(a)(2)(B)." But Dr. Fucetola has not been named as an expert in this case; in fact, no expert disclosures have been made. Moreover, Dr. Fucetola is performing Boyd's neuropsychological exam, and as far as the Court can tell, her exam has no relevance to this matter.

Finally, Boyd asserts that the stay does not permit unilateral scheduling that causes oppression. But there is nothing oppressive about scheduling a deposition a day before a completely separate medical examination, and Boyd specifically told Defendant that she was available on January 6, 2026. (Doc. 257-1 at p. 2).

In sum, Boyd's Motion for Protective Order and Request for Scheduling Relief (Doc. 256) is **DENIED**. The Court **ORDERS** Boyd to appear for her deposition scheduled for **10 a.m.** on **January 6, 2026**, at the East St. Louis Courthouse. Failure to do so may result in the dismissal of this action for want of prosecution.

The Court further **ADMONISHES** Boyd for citing to cases that do not exist or do not stand for the proposition she claims. Boyd's current motion is not the first example of her use of inappropriate case citations, but the Court has been lenient in the past due to her *pro se* status.

Rule 11 of the Federal Rules of Civil Procedure provides, in relevant part:

---

[1] The case citation provided by Boyd is *Fleming v. Chicago Transit Authority*, 2006 WL 769440 (N.D. Ill. 2006), but that case was filed in 2007. Thus, there would be no citation on Westlaw beginning with 2006. The Court will not search the docket of *Fleming* to figure out what Boyd is citing to, if such a reference even exists.

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
>> (2) *the claims, defenses, and other legal contentions are warranted by existing law* or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; . . . .

FED. R. CIV. P. 11(b) (italics added).

As a *pro se* litigant, Boyd is not excused from complying with the Federal Rules of Civil Procedure. *See Pearle Vision, Inc. v. Room*, 541 F.3d 751, 758 (7th Cir. 2008) (it is "well established that pro se litigants are not excused from compliance with procedural rules"). Further filings by Boyd that contain citations to non-existent cases or to cases that do not stand for the proposition she claims, in violation of Rule 11(b), will result in sanctions against her that may include the dismissal of this case.

**IT IS SO ORDERED.**

DATED:  November 26, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**