IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CANDRICE BOYD,<br><br>      **Plaintiff,**<br><br>v.<br><br>**PROTESTANT MEMORIAL MEDICAL CENTER, INC., d/b/a MEMORIAL HOSPITAL BELLEVILLE,**<br><br>      **Defendant.** | Case No. 3:23-CV-3961-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Second Motion for Extension of Time to Complete Plaintiff's Deposition and Mediation filed by Defendant Protestant Memorial Medical Center, Inc., d/b/a Memorial Hospital Belleville ("Defendant") (Doc. 271), as well as various other motions filed by Plaintiff Candrice Boyd ("Plaintiff").

On January 6, 2026, after months of delays and avoidance tactics by Plaintiff, and upon order of the Court, the Parties met at the East St. Louis Courthouse to conduct Plaintiff's deposition. As the deposition began, Defendant notes, Plaintiff was unable to recall or provide meaningful answers to basic questions, including what medications she had taken that morning, and the Parties ultimately had to seek guidance from Magistrate Judge Gilbert C. Sison regarding their disputes. (*Id.*). Additionally, because the Parties had to conduct the deposition at the Courthouse due to Plaintiff's refusal to travel to defense counsel's office, the deposition concluded at 4:30 p.m. (*Id.*). As a result of these circumstances, the time on the record totaled only four hours and 33 minutes. (*Id.*).

Defendant now seeks an extension of the deadline to complete the remaining two hours and 27 minutes of Plaintiff's deposition,[1] as well as an additional seven hours of deposition time. (*Id.*). Defendant asserts that the time it has left is insufficient to fairly examine Plaintiff about the claims and allegations in her 142-page Second Amended Complaint. (Doc. 125).

Plaintiff opposes the motion, arguing that defense counsel could have refreshed her memory with her medication records and should not be allowed additional time simply because they regret their chosen lines of questioning. (Doc. 272). She further argues that she should not have to explain or give examples of the claims in her Second Amended Complaint, and that the additional time requested by Defendant is not proportional to the burden imposed on her. (*Id.*).

Under Rule 30(d)(1), unless otherwise stipulated or ordered by the court, a deposition is limited to one day of seven hours. FED. R. CIV. P. 30(d)(1). However, the court must allow additional time if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination. *Id*. The Advisory Committee Notes provide several factors that a court might consider when determining whether good cause exists for an extension of the seven-hour limit. FED. R. CIV. P. 30, Advisory Committee Note. These factors include, but are not limited to: whether an interpreter is required; whether the examination will cover events occurring over a long period of time; whether the witness will be questioned about

---

[1] The Federal Rules of Civil Procedure set a default seven-hour time limit for depositions. FED. R. CIV. P. 30(d).

numerous or lengthy documents and whether the witness was provided with copies in advance; and whether multiple parties are examining the witness. *Id.* The purpose of the rule allowing additional time is to ensure a fair examination of the deponent. *Id.*

Having considered the parties' arguments and the relevant factors, the Court finds that a four-hour extension is appropriate to fairly examine Plaintiff. Plaintiff acknowledges that the events of this case span multiple years and involve extensive medical treatment and numerous medical records. Additionally, although not mentioned in the Advisory Committee Note to Rule 30, the Court finds it relevant that Plaintiff is proceeding *pro se* and may require additional time to consider potential objections and to answer questions.

For these reasons, Defendant's motion is **GRANTED in part and DENIED in part**. Defendant is granted an extension of time, until **March 2, 2026**, to complete the remaining two hours and 27 minutes of Plaintiff's deposition, plus an additional four hours, for a total of six hours and 27 minutes. The mediation session shall occur within **30 days** of the completion of Plaintiff's deposition.

### Motions for Leave to Supplement

Plaintiff has filed various motions for leave to supplement the Second Amended Complaint with new facts that arose after its filing. (Docs. 155, 157, 174, 179, 234, 242, 251). The proposed supplements mostly relate to Plaintiff's medical care, including correspondence with her medical providers, but they also include additional acts of retaliation that she attributes to Defendant's interference with her care, and supplemental declarations regarding surveillance. To her motions, Plaintiff has attached numerous

exhibits that are allegedly relevant to her claims.

Under Rule 15(d), a court may permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. FED. R. CIV. P. 15(d). "[T]here is no absolute right to expand the case in this way; the district court has substantial discretion either to permit or to deny such a motion." *Chicago Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011). In determining a motion to supplement under Rule 15(d), a court may look to several factors including, but not limited to: the extent to which the original and supplemental complaints are related; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether the supplement would impose undue prejudice upon an opposing party; and whether allowing supplementation would serve the interests of judicial economy. *United States v. Indiana*, No. 296-CV-095, 2009 WL 3067087, at *4 (N.D. Ind. Sept. 18, 2009).

Having considered these factors, the Court denies Plaintiff's motions. While the supplemental exhibits might support Plaintiff's claims, to allow Plaintiff to continually supplement her Second Amended Complaint with every medical record or message from her doctors that she believes is the result of Defendant's interference with her medical care would unduly prejudice Defendant and would not be in the interest of judicial efficiency. Plaintiff may introduce the exhibits as evidence at trial, to the extent they are relevant and admissible under the Federal Rules of Evidence. For these reasons, Plaintiff's motions (Docs. 155, 157, 174, 179, 234, 242, 251) are **DENIED**.

### Motion for Leave to File Limited Clarification

On October 22, 2025, Defendant filed a Motion to Dismiss for Lack of Prosecution, or, in the Alternative, for Sanctions. (Doc. 224). Plaintiff filed a response the following day (Docs. 226, 227), and Defendant filed a reply on October 30, 2025 (Doc. 232). Plaintiff then filed a sur-reply to Defendant's reply, which was stricken pursuant to Local Rule 7.1(a)(4), which expressly prohibits the filing of sur-replies. Plaintiff then filed the instant Motion for Leave to File Limited Clarification. (Doc. 243).

In her motion, Plaintiff cites Local Rule 7.1(c)(4), which she says requires advance permission for any additional response to a reply. She then explains why good cause exists for her to file a sur-reply. The problem is that there is no Local Rule 7.1(c)(4) in the Southern District of Illinois. To the extent Plaintiff is referring to Local Rule 7.1(a)(4), it states:

> Reply briefs are not favored, shall not exceed five pages, and should be filed only in exceptional circumstances. **Under no circumstances will sur-reply briefs be accepted.** The parties are directed to review the individual case management procedures of each presiding judge as they may relate to the filing of replies.

SDIL-LR 7.1(a)(4).

Because sur-replies are not accepted under any circumstance, Plaintiff's Motion for Leave to File Limited Clarification (Doc. 243) is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 22, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**