**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CANDRICE BOYD,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:23-CV-3961-NJR** |
| **PROTESTANT MEMORIAL MEDICAL CENTER, INC., d/b/a MEMORIAL HOSPITAL BELLEVILLE,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Candrice Boyd has filed a Motion to Compel Defendant Protestant Memorial Medical Center, d/b/a Memorial Hospital Belleville ("Memorial Hospital") to produce certain medical records that she claims are necessary to accurately reflect her treatment history, provider coordination, escalation of care, and the severity of her condition. (Doc. 295). Specifically, Boyd seeks referral documentation for three doctors from two entities: BJC/Datavant and SSM Health/SLUCare. (*Id.*).

"District courts have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., L.P.*, 46 F.4th 587, 601 (7th Cir. 2022). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 4119139 (N.D. Ill. Sept. 9, 2024) (quoting *Nw. Mem'l Hosp.*

*v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)). Nonetheless, " 'requested discovery must be tied to the particular claims at issue in the case.'" *Charvat v. Valente*, 82 F. Supp. 3d 713, 716 (N.D. Ill. 2015) (quoting *Sykes v. Target Stores*, No. 00 C 5112, 2002 WL 554505, at *3 (N.D. Ill. Apr. 15, 2002)).

Rule 34 permits a party to "serve on any other party" a request to produce documents. FED. R. CIV. P. 34(a). "[B]y its terms, Rule 34 applies only to parties." *Hobley v. Burge*, 433 F.3d 946, 950 (7th Cir. 2006). Documents in a non-party's possession, custody, or control, must be requested by serving a subpoena on the non-party. FED. R. CIV. P. 45.

Here, the exhibits to Boyd's motion confirm that she is seeking medical records from nonparties, including BJC/Datavant[1] and SSM Health/SLUCare. (Doc. 295, Ex. A and Ex. B). Memorial Hospital has no obligation to produce records that are in the possession, custody, or control of non-parties.

Moreover, it is unclear how the documents requested are tied to the claims in this case. Boyd's motion states that her claims arise from a "work-related injury involving cervical spine and right shoulder pathology requiring multi-specialty care" (Doc. 295 at p. 2), but that is not the basis for her claims in this case. Instead, her Second Amended Complaint is based on Defendant's alleged unlawful race discrimination, hostile work environment, FMLA interference, and wrongful termination/retaliatory discharge. (Doc. 125). It is clear that Boyd is requesting these documents for her Illinois Workers'

---

[1] BJC/Datavant did not refuse to produce the requested records, but merely noted a delay due to technical issues. BJC/Datavant said the requested information would be sent to Boyd by May 22, 2026.

Compensation case, as she specifically stated in her letter to SSM Health/SLUCare. (*See* Doc. 295-2 at p. 2).

For these reasons, the Motion to Compel filed by Plaintiff Candrice Boyd (Doc. 295) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   June 12, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**