IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CANDRICE BOYD,

      Plaintiff,

v.

PROTESTANT MEMORIAL MEDICAL
CENTER, INC., d/b/a MEMORIAL
HOSPITAL BELLEVILLE,

      Defendant.

Case No. 3:23-CV-3961-NJR

## ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on *pro se* Plaintiff Candrice Boyd's Renewed Motion to Appoint Counsel. (Doc. 290). Boyd asserts that, while she has demonstrated competence in pretrial litigation, the demands of the case now exceed her capabilities as it progresses toward trial. (*Id.*).

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). The Seventh Circuit has instructed courts to consider two factors when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Id.* at 654.

When considering the difficulty of the case, the Court must determine "the particular plaintiff's capacity as a layperson to coherently present" the case to the judge and jury. *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. In conducting this inquiry, the court must determine "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Here, Boyd has attempted, unsuccessfully, to obtain counsel on her own. The Court is not convinced, however, that the demands of the case exceed her capabilities. Boyd has proven herself to be skilled at self-representation. She has navigated discovery on her own and has consistently submitted well written and coherent briefs. The Court is confident that she can continue to advocate on her own behalf through the dispositive motion phase.

Accordingly, Boyd's Renewed Motion to Appoint Counsel (Doc. 290) is **DENIED without prejudice**. If the case proceeds past summary judgment, the Court will consider appointing counsel for Boyd to represent her at trial.

The issue of counsel having been decided, the Court **AMENDS** the scheduling order as follows:

a. Dispositive motions shall be filed on or before **July 15, 2026**;

b. Responses to dispositive motions shall be filed on or before **August 14,**

**2026**;

c.  Reply briefs, if any, shall be filed on or before **August 28, 2026**;

d.  The Presumptive Trial Month is **SET** for **November 2026**. A final pretrial conference will be set by separate order.

**IT IS SO ORDERED.**

**DATED:   June 12, 2026**

NANCY J. ROSENSTENGEL
**United States District Judge**

Page 3 of 3